BOARD OF EDUCATION OF THE CITY OF GARFIELD, PLAINTIFF-RESPONDENT, v. CITY OF GARFIELD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 25, 1977—Decided February 7, 1977.

Before Judges MATTHEWS, SEIDMAN and HORN.

*Messrs. Walsh, Sciuto & Dimin,* attorneys for appellant (*Mr. Anthony J. Sciuto* on the brief).

*Mr. Michael J. Mella,* attorney for respondent.

PER CURIAM. In a resolution pursuant to *N. J. S. A.* 18A:22–18, plaintiff approved a school lunch program for the 1975-76 school year with an estimated cost of $65,000. In a resolution pursuant to *N. J. S. A.* 18A:22–19, the Garfield Board of School Estimate certified the amount of $65,000 as necessary for the program and demanded that Garfield's City Council appropriate said sum pursuant to *N. J. S. A.* 18A:22–20. When defendant failed to appropriate this sum, plaintiff filed a complaint in the Superior Court, Chancery Division, demanding that they do so. Plaintiff's motion for summary judgment was granted and defendant now appeals from the order entered.

Defendant attacks the constitutionality of the statutory procedure by which a capital project is funded in a type I school district, *N. J. S. A.* 18A:22–18, 19 and 20, as well as the entire statutory structure of the type I district. In a type I district a board of education purposes a capital project and an estimated cost thereof. *N. J. S. A.* 18A:22–18. The board of school estimate then certifies an amount necessary for the project, *N. J. S. A.* 18A:22–19. The governing body of the municipality is then mandated to appropriate the sum certified by either including it in its tax ordinance or borrowing it by the issuance of bonds, *N. J. S. A.* 18A:22–20. The last paragraph of *N. J. S. A.* 18A:22–20 provides:

The governing body shall not be required so to appropriate any amount which if added to the net school debt of the district at the date of the appropriation shall exceed 1½% of the average equalized valuations of taxable property as defined in section 18A:24–1, but may do so if it so determines by resolution.

Defendant does not contend that the sum in question, $65,000, exceeds this amount. Defendant's basis for the alleged unconstitutionality of the procedure mandated by the above-mentioned statutes is that it "denies due process and

equal protection of the law to the elected officials as well as the voters and residents of the municipality."

Defendant's argument is without legal support. In *Hackensack Bd. of Education v. Hackensack*, 63 *N. J. Super.* 560, 564 (App. Div. 1960), the governing body was required under *N. J. S. A.* 18:6–60[1], subject to *N J. S. A.* 18:6–62, to either (a) appropriate the sum so fixed (as here by the board of school estimate) in the same manner as appropriations are made or (b) by ordinance appropriate the amount of money so fixed and borrow the requisite funds through the issuance of bonds. The amount involved (over $2,000,000) brought into the matter the discretion of the governing body under *N. J. S. A.* 18:6–62. The case turned on the legal validity of the action of the governing body in determining to submit the question of the expenditure to referendum under *N. J. S. A.* 19:37–1. However, inherent in the decision is the proposition that except for the discretion vested in the governing body by reason of the amount and *N. J. S. A.* 18:6–62 the governing body was bereft of any right to reject the appropriation.

 We find no constitutional infirmity in the procedure under attack. As argued by plaintiff, the question raised by defendant was answered previously when the citizens of Garfield voted to establish the type I school district in the city. It follows that they voted for this very procedure which is under attack by defendant.

The cases defendant cites do not support its contention. In *Gualano v. Elizabeth School Dist. Bd. of Estimate*, 39 *N. J.* 300 (1963), the court interpreted the proviso in the last paragraph of *R. S.* 18:6–53, now *N. J. S. A.* 18A:22–20. In *Robinson v. Cahill et al.*, 62 *N. J. S.* 473 (1973), *cert.* den. 414 *U. S.* 976, 94 *S. Ct.* 292, 38 *L. Ed.* 2d 219

---

[1] *N. J. S. A.* 18, *et seq.*, has been superseded by *N. J. S. A.* 18A *et seq.* Thus, *N. J. S. A.* 18:6–60 has been superseded by *N. J. S. A.* 18A:22–19 and 18A:24–11. *N. J. S. A.* 18:6–62 has been superseded by 18A:22–20.

(1973), the court specifically declined to base its decision upon equal protection grounds.

Defendant's next contention, that the trial judge impinged upon the legislative process of the city council, is without merit since the judge did not order any bonding ordinance be adopted; rather, the judge ordered that the sum of $65,000 be appropriated "by bonding or other means pursuant to law."

Defendant's final contention, that the Local Bond Law, *N. J. S. A.* 40A:2–1 *et seq.*, is "a mere sham as it applies to the requirements of *N. J. S. A.* 18A:22–20," is also without substance. *N. J. S. A.* 18A:22–20 does not require the adoption of a bond ordinance; this is simply an alternate means of appropriating the sum required. Moreover, if a bond ordinance is adopted, *N. J. S. A.* 18A:22–20 (b) specifically requires that bonds be issued "in accordance with law." Thus, defendant must comply with the requirements of the Local Bond Law, including giving interested persons an opportunity to be heard. *N. J. S. A.* 40A:2–17(b)(2).

Affirmed.